UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN DOE,

                           Plaintiff,

                 -against-

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

                        Defendant.

:
:
:        12 Civ. 9327 (LAK) (AJP)
:
:      **REPORT AND RECOMMENDATION**
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Lewis A. Kaplan, United States District Judge:**

        Following a bench trial, plaintiff John Doe obtained a favorable verdict against Unum

Life Insurance Company in this ERISA action on July 9, 2015. (Dkt. No. 88: 7/9/15 Opinion.) On

October 5, 2015, Judge Kaplan entered a $780,756.00 judgment in Doe's favor and ordered that he

submit his application for attorneys' fees, costs and prejudgment interest within thirty days. (Dkt.

No. 93: 10/5/15 Judgment.)

        Presently before the Court is Doe's November 4, 2015 motion for attorneys' fees,

costs and prejudgment interest. (Dkt. No. 94: Fees Motion.) Doe seeks $313,000 in fees (following

a voluntary ten percent reduction from $347,893.50), $1,287.75 in costs, and prejudgment interest

at New York's 9% statutory rate. (Dkt. No. 95: Doe Br. at 1, 12.) Defendant Unum contends that

Doe should not be awarded fees at all, or in the alternative, that Doe's requested fees are

unreasonable and should be substantially reduced. (Dkt. No. 99: Unum Opp. Br. at 7-20.) Unum

also argues that any prejudgment interest should be calculated using the lower federal rate for

prejudgment interest. (Unum Opp. Br. at 20-22.)

For the reasons set forth below, the Court recommends that plaintiff's motion (Dkt. No. 94) be <u>GRANTED</u> in part and Doe awarded attorneys' fees, costs and prejudgment interest totaling $359,134.77.

## <u>ANALYSIS</u>

### I.      DOE'S SUCCESS ON THE MERITS IS SUFFICIENT TO JUSTIFY AWARDING ATTORNEYS' FEES UNDER ERISA

ERISA provides for an award of attorneys' fees.  29 U.S.C. § 1132(g)(1) ("In any action under this subchapter . . . , the court in its discretion may allow a reasonable attorney's fee and costs . . . to either party.")  The Second Circuit has held that district courts are within their discretion to award attorneys' fees so long as a plaintiff has obtained "'some degree of success on the merits'"; courts need not consider any other factors.  <u>Donachie</u> v. <u>Liberty Life Assur. Co.</u>, 745 F.3d 41, 46 (2d Cir. 2014) (quoting <u>Hardt</u> v. <u>Reliance Standard Life Ins. Co.</u>, 560 U.S. 242, 254-55, 130 S. Ct. 2149, 2158 (2010)).  "It is well-established that 'Congress intended the fee provisions of ERISA to encourage beneficiaries to enforce their statutory rights.'" <u>Donachie</u> v. <u>Liberty Life Assur. Co.</u>, 745 F.3d at 45-46 (quoting <u>Slupinski</u> v. <u>First Unum Life Ins. Co.</u>, 554 F.3d 38, 47 (2d Cir. 2009)). Therefore, "granting a prevailing plaintiff's request for fees is appropriate absent 'some particular justification for not doing so.'"  <u>Donachie</u> v. <u>Liberty Life Assur. Co.</u>, 745 F.3d at 47 (quoting <u>Birmingham</u> v. <u>SoGen-Swiss Int'l Corp. Ret. Plan</u>, 718 F.2d 515, 523 (2d Cir. 1983)); <u>see also</u>, <u>e.g.</u>, <u>Scarangella</u> v. <u>Grp. Health, Inc.</u>, 731 F.3d 146, 155 (2d Cir. 2013) (ERISA fee provisions "'must be liberally construed to protect the statutory purpose of vindicating' employee benefit rights . . . ." (quoting <u>Slupinski</u> v. <u>First Unum Life Ins. Co.</u>, 554 F.3d at 47).  Alternatively, it is also within the Court's discretion to consider the five factors the Second Circuit laid out in <u>Chambless</u> v. <u>Masters, Mates & Pilots Pension Plan</u>, 815 F.2d 869, 871 (2d Cir. 1987), when determining whether to award

attorneys' fees in an ERISA action.  See Donachie v. Liberty Life Assur. Co., 745 F.3d at 46; accord, e.g., Toussaint v. JJ Weiser, Inc., 648 F.3d 108, 110 (2d Cir. 2011) ("A court may apply—but is not required to apply—the Chambless factors in 'channeling [its] discretion when awarding fees' under § 1132(g)(1).  So long as a party has achieved 'some degree of success on the merits,' a 'court in its discretion may allow a reasonable attorney's fee . . . .'" (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. at 255, 130 S. Ct. at 2158, other quotations omitted)).

Unum argues that the Court "should apply the Chambless factors and deny plaintiff's request for fees." (Dkt. No. 99: Unum Opp. Br. at 7.)  According to Unum, courts in this district "have routinely denied attorneys' fees to plaintiffs who prevailed on the merits of ERISA claims after Hardt and Donachie" (Unum Opp. Br. at 8, collecting cases), and further asserts that none of the five Chambless factors supports awarding plaintiff fees (Unum Opp. Br. at 8-11).  Unum's argument is unpersuasive for two reasons.  First, Unum concedes that "the only factor the Court must consider in determining whether to award fees is whether plaintiff achieved 'some degree of success on the merits.'" (Unum Opp. Br. at 7.)  Unum does not dispute that plaintiff's  $780,756 judgment (see page 1 above) constitutes some degree of success on the merits.  (See generally Unum Opp. Br.)  Second, notwithstanding the cases cited by Unum, courts in this Circuit routinely award fees to prevailing plaintiffs in ERISA actions based solely on their achieving some degree of success on the merits.  See, e.g., Wallace v. Grp. Long Term Disability Plan for Emps. of TDAmertrade Holding Corp., 13 Civ. 6759, 2015 WL 4750763 at *5-7 (S.D.N.Y. Aug. 11, 2015) (obtaining a remand for further consideration of whether plaintiff's condition was disabling was sufficient success on the merits to support an award of attorneys' fees without considering other factors); Badalamenti v. Country Imp. Car Corp., No. CV 10-4993, 2015 WL 1862854 at *5 (E.D.N.Y. Apr.

23, 2015) (declining to consider Chambless factors because "all parties agree that . . . plaintiff has achieved some success on the merits"); Barbu v. Life Ins. Co. of N. Am., No. 12 CV 1629, 2015 WL 778325 at *2 (E.D.N.Y. Feb. 24, 2015) ("[T]he Court concludes, in its discretion, that an award of attorney's fees and costs is warranted because plaintiff has achieved some success on the merits, and the Court does not believe there is any need to consider the additional Chambless factors in this case."); Taaffe v. Life Ins. Co. of N. Am., 769 F. Supp. 2d 530, 542 (S.D.N.Y. 2011) (awarding plaintiff fees without addressing Chambless factors where defendant provided plaintiff "with everything she demanded in her complaint.").

Accordingly, Doe should receive his reasonable attorneys' fees.

## II.   CALCULATING REASONABLE ATTORNEYS' FEES

Traditionally, "[i]n determining a fee award, the typical starting point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)).[1/]  Particularly in awarding statutory attorneys' fees, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward . . . ." Hensley v. Eckerhart, 461 U.S. at 434, 103 S. Ct. at 1940; see also, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 (2d Cir. 2008) ("[T]he lodestar method involved two steps: (1) the lodestar calculation; and (2) adjustment of the lodestar based on case-specific considerations."); Lane Crawford LLC v. Kelex Trading (CA) Inc.,

---

[1/]   The Second Circuit requires contemporaneous time records as a prerequisite for awarding attorneys' fees. E.g., N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983).

12 Civ. 9190, 2013 WL 6481354 at *6 (S.D.N.Y. Dec. 3, 2013) (Peck, M.J.), R. & R. adopted, 2014

WL 1338065 (S.D.N.Y. Apr. 3, 2014).

       In April 2010, the Supreme Court revisited the issue of attorneys' fees and approved

of the "lodestar" approach over the more discretionary approach of Johnson v. Georgia Highway

Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), holding:

> Although the lodestar method is not perfect, it has several important virtues.
> First, in accordance with our understanding of the aim of fee-shifting statutes, the
> lodestar looks to "the prevailing market rates in the relevant community."
> Developed after the practice of hourly billing had become widespread, the lodestar
> method produces an award that roughly approximates the fee that the prevailing
> attorney would have received if he or she had been representing a paying client who
> was billed by the hour in a comparable case. Second, the lodestar method is readily
> administrable, and unlike the Johnson approach, the lodestar calculation is
> "objective," and thus cabins the discretion of trial judges, permits meaningful judicial
> review, and produces reasonably predictable results.

### III

       Our prior decisions concerning the federal fee-shifting statutes have
established six important rules that lead to our decision in this case.

       First, a "reasonable" fee is a fee that is sufficient to induce a capable attorney
to undertake the representation of a meritorious civil rights case. . . .

       Second, the lodestar method yields a fee that is presumptively sufficient to
achieve this objective. Indeed, we have said that the presumption is a "strong" one.

       Third, although we have never sustained an enhancement of a lodestar
amount for performance, we have repeatedly said that enhancements may be
awarded in "'rare'" and "'exceptional'" circumstances.

       Fourth, we have noted that "the lodestar figure includes most, if not all, of the
relevant factors constituting a 'reasonable' attorney's fee," and have held that an
enhancement may not be awarded based on a factor that is subsumed in the lodestar
calculation. We have thus held that the novelty and complexity of a case generally
may not be used as a ground for an enhancement because these factors "presumably
[are] fully reflected in the number of billable hours recorded by counsel." We have
also held that the quality of an attorney's performance generally should not be used
to adjust the lodestar "[b]ecause considerations concerning the quality of a prevailing

party's counsel's representation normally are reflected in the reasonable hourly rate."

Fifth, the burden of proving that an enhancement is necessary must be borne by the fee applicant.

Finally, a fee applicant seeking an enhancement must produce "specific evidence" that supports the award. This requirement is essential if the lodestar method is to realize one of its chief virtues, i.e., providing a calculation that is objective and capable of being reviewed on appeal.

Perdue v. Kenny A., 559 U.S. 542, 551-53, 130 S. Ct. 1662, 1672-73 (2010) (citations omitted).[2]

As the fee applicant, plaintiff "bears the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." General Elec. Co. v. Compagnie Euralair, S.A., 96 Civ. 0884, 1997 WL 397627 at *4 (S.D.N.Y. July 3, 1997) (Scheindlin, D.J. & Peck, M.J.).[3]

---

[2]    Although the Supreme Court's Perdue opinion appeared to cast doubt on the viability of the Second Circuit's 2008 opinion in Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d at 190, which relied on, among other factors, the Johnson factors, Arbor Hill remains the standard in this Circuit. See, e.g., K.L. v. Warwick Valley Cent. Sch. Dist., 584 F. App'x 17, 18 (2d Cir. 2014) ("In determining an appropriate hourly rate, 'the district court should consider, among others, the Johnson factors.'" (quoting Arbor Hill)); Torres v. Gristede's Operating Corp., 519 F. App'x 1, 3-4 (2d Cir. 2013). In any event, the result would not differ here under either approach.

[3]    Accord, e.g., Charles v. City of N.Y., 13 Civ. 3547, 2014 WL 4384155 at *3 (S.D.N.Y. Sept. 4, 2014); Boutros v. JTC Painting & Decorating Corp., 12 Civ. 7576, 2014 WL 3925281 at *4 (S.D.N.Y. Aug. 8, 2014); Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (Peck, M.J.); N.Y. City Dist. Council of Carpenters v. Rock-It Contracting, Inc., 09 Civ. 9479, 2010 WL 1140720 at *2 (S.D.N.Y. Mar. 26, 2010) (Peck, M.J.), R. & R. adopted, 2010 WL 1558568 (S.D.N.Y. Apr. 19, 2010); Cablevision Sys. N.Y.C. Corp. v. Torres, 02 Civ. 7602, 2003 WL 22078938 at *5 (S.D.N.Y. Sept. 9, 2003) (Peck, M.J.); Sowemimo v. D.A.O.R. Sec., Inc., 97 Civ. 1083, 2000 WL 890229 at *3 (S.D.N.Y. June 30, 2000), aff'd, 1 F. App'x 82 (2d Cir. 2001); Lavin-McEleney v. Marist Coll., 96 Civ. 4081, 1999 WL 33500070 at *3 (S.D.N.Y. Sep. 28, 1999), aff'd, 239 F.3d 476 (2d Cir. 2001); N.S.N. Int'l Indus. N.V. v. E. I. DuPont de Nemours & Co., 89 Civ. 1692, 1996 WL 154182 at *2 (S.D.N.Y. Apr. 3, 1996) (Peck, M.J.); see, e.g., Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983).

Doe's counsel, Riemer & Associates, provided the Court with contemporaneous billing records that specify the date, the amount of time expended, and a description of the services provided.  (Dkt. No. 96: Riemer Aff. Exs. C & E: Billing Records.)  Riemer & Associates also submitted a retainer agreement signed by Doe in 2010 in connection with his pre-litigation application for long-term disability benefits (Dkt. No. 101: Riemer Reply Aff. Ex. A: Retainer Agm't), and affidavits from several ERISA lawyers attesting that Riemer's rates are reasonable (Riemer Aff. Ex. A: Eisenberg Aff., Feinberg Aff., Pauk Aff.; Riemer Aff. Ex. B: Kantor Aff.).

### A.    Riemer & Associates' Requested Hourly Rates Should Be Reduced

Doe is represented by Scott M. Riemer and Sharon H. Lee of the firm Riemer & Associates.  Riemer & Associates' fee calculations use the following rates: $680 per hour for partner Scott M. Riemer, $400 per hour for senior associate Sharon H. Lee, $240 per hour for senior paralegals Kasandra Raux and Arianna Gonzalez, and $200 per hour for paralegals Karen Rodriguez and Susan Lobosco.  (Dkt. No. 95: Doe Br. at 9-10.)  Doe claims that these rates "are reasonable because over 250 current clients are willing to pay Riemer & Associates LLC those rates" and because "every court that had the opportunity to consider the reasonableness of the rates requested by Riemer & Associates LLC in ERISA actions found the current rates charged by Riemer & Associates at the time of the fee application to be reasonable."  (Doe Br. at 8.)  Unum argues that Riemer's proposed $680 per hour rate is unreasonable, because the "fact that a plaintiff agreed to pay a particular rate to a particular lawyer is not dispositive in evaluating a motion for attorneys' fees, especially when the plaintiff (as here) is not actually paying his attorney.  Instead, the proper measure is the lowest rates a person in plaintiff's position could be expected to negotiate." (Dkt. No.

99: Unum Opp. Br. at 15.)[4]

In determining reasonable hourly rates, the Court must consider "the range of rates plaintiff's counsel actually charge their clients.  This is obviously strong evidence of what the market will bear."  Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008); see also, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008); Nunez v. Francis Deli Grocery, 13 Civ. 4894, 2015 WL 1963630 at *7 (S.D.N.Y. Apr. 30, 2015) (attorney's customary hourly rate among factors to be considered in determining lodestar, quoting Arbor Hill); Bazignan v. Team Castle Hill Corp., 13 Civ. 8382, 2015 WL 1000034 at *4 (S.D.N.Y. Mar. 5, 2015) (same); Magnuson v. Newman, 10 Civ. 6211, 2014 WL 3767006 at *1 (S.D.N.Y. July 31, 2014) (same).

Riemer's requested $680 per hour rate is the non-negotiable, customary hourly rate that he actually charges as of 2015 to 250 hourly-paying clients, including in pre-litigation ERISA matters.  (Riemer Aff. ¶¶ 26-27.)  Riemer, a 1983 graduate of the University of Michigan Law School, has practiced for over thirty years.  (Id. ¶¶ 2-6.)  For over twenty years, his practice has

---

[4]     Unum also argues that Riemer "seeks to base his fees in this case on hourly rates that he never claims plaintiff agreed to pay, and that his firm began charging only in 2015" and notes this litigation "dates to 2012" and that "therefore the bulk of the time for which an award is sought would have been incurred at some, unstated, lower rate." (Unum Opp. Br. at 16, record citation omitted.)  It is well-established that "'current rates, rather than historical rates should be applied in order to compensate for the delay in payment.'"  Dancy v. McGinley, --- F.3d ----, 2015 WL 6693326 at *3 (S.D.N.Y. Sept. 21, 2015) (quoting Le-Blanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998)); accord, e.g., Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006), cert. denied, 549 U.S. 1211, 127 S. Ct. 1331 (2007); Cordova v. D & D Rest., Inc., 14 Civ. 8789, 2015 WL 6681099 at *9 (S.D.N.Y. Oct. 29, 2015); Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Solutions, No. 09-CV-121, 2015 WL 3444896 at *10 (E.D.N.Y. May 28, 2015); Mary Jo C. v. Dinapoli, No. 09-CV-5635, 2014 WL 7334863 at *4 (E.D.N.Y. Dec. 18, 2014). In any event, as discussed below, the Court finds that Riemer's requested $680 hourly rate should be reduced.

concentrated "almost exclusively in the area of ERISA litigation, particularly claims for long term disability benefits" (id. ¶ 3),  including appealing "several cutting-edge ERISA cases to the Second Circuit" (id. ¶ 7), serving as leading counsel "in a 968-member ERISA class action in the Southern District of New York" (id. ¶ 8), and co-authoring an amicus brief to the United States Supreme Court (id. ¶ 9).  Riemer also has "written a book on ERISA disability claims titled 'An Attorney's Guide to ERISA Disability Claims'" (id. ¶ 10), published numerous articles on ERISA (id. ¶ 11), and lectured extensively on ERISA (id. ¶ 12).

Riemer submitted an affidavit from a highly experienced ERISA litigator who charges $700 per hour (and whose partner charges $650), attesting that a $680 hourly rate is reasonable for an attorney with Riemer's experience.  (Dkt. No. 96: Riemer Aff. Ex. B: Kantor Aff. ¶¶ 4, 9-10.)  Riemer also submitted three affidavits (originally filed in a different 2009 case) in which experienced ERISA litigators (who charged $600 or $650 per hour in 2008) attested that Riemer's $560 hourly rate in 2008 was reasonable.  (Riemer Aff. Ex. A: Eisenberg Aff. ¶¶ 2, 6, 8; Feinberg Aff. ¶¶ 2, 8, 10; Pauk Aff. ¶¶ 2, 4, 8, 10.)  Although the 2009 affidavits are of limited probative value, courts routinely consider affidavits from experienced attorneys in determining the reasonableness of requested fees.  See, e.g., Lora v. J. V. Car Wash, LTC., 11 Civ. 9010, 2015 WL 4496847 at *7 (S.D.N.Y. July 24, 2015) (Peck, M.J.), R. & R. adopted, 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015); Spencer v. City of N.Y., 06 Civ. 2852, 2013 WL 6008240 at *4 (S.D.N.Y. Nov. 13, 2013); Adorno v. Port Auth. of N.Y. & N.J., 685 F. Supp. 2d 507, 513 (S.D.N.Y. 2010); Mugavero v. Arms Acres, Inc., 03 Civ. 5724, 2010 WL 451045 at *5 n.3 (S.D.N.Y. Feb. 9, 2010); Imbeault v. Rick's Cabaret Int'l Inc., 08 Civ. 5458, 2009 WL 248 2134 at *3 (S.D.N.Y. Aug. 13, 2009) (Lynch, D.J.); Rozell v. Ross-Holst, 576 F. Supp. 2d at 545.

Courts in this district, however, often award hourly rates significantly lower than $680 in ERISA cases, even for partners with comparable levels of experience to Riemer.  See, e.g., Sheet Metal Workers' Nat'l Pension Fund v. Maximum Metal Mfrs., Inc., 13 Civ. 7741, 2015 WL 4935116 at *10 (S.D.N.Y. Aug. 18, 2015) (approving $300 hourly rate for partner with forty-two years' experience); Wallace v. Grp. Long Term Disability Plan for Emps. of TDAmertrade Holding Corp., 13 Civ. 6759, 2015 WL 4750763 at *6 (S.D.N.Y. Aug. 11, 2015) (approving $450 hourly rate for partner with thirty-four years' experience); Rhodes v. Davis, 08 Civ. 9681, 2015 WL 1413413 at *3 & n.6 (S.D.N.Y. Mar. 23, 2015) (awarding $450 hourly rate to partner with forty years' experience), aff'd, No. 12-4347, --- F. App'x. ---, 2015 WL 8476732 (2d Cir. 2015).

Nonetheless, courts in this district have awarded Riemer $600 per hour in recent years.  See Demonchaux v. Unitedhealthcare Oxford, 10 Civ. 4491, 2014 WL 1273772 at *7 (S.D.N.Y. Mar. 27, 2014) (granting Riemer's request for fees at his 2013 hourly rate of $600, which was not challenged by defendant); Levitian v. Sun Life & Health Ins. Co. (U.S.), 09 Civ. 2965, 2013 WL 3829623 at *8 (S.D.N.Y. July 24, 2013) (approving Riemer's 2012 hourly rate of $600), R. & R. adopted, 2013 WL 4399026 (S.D.N.Y. Aug. 15, 2013).  Moreover, when Doe initially retained Riemer & Associates in 2010 to assist with his initial (pre-litigation) long-term disability application, Doe agreed to actually pay $600 an hour.  (Dkt. No. 101: Riemer Reply Aff. Ex. A: Retainer Agm't.)  The Court finds that a $600 hourly rate is appropriate for Riemer.

The Court also finds that the $400 hourly rate Riemer seeks for Lee (see page 7 above) is unreasonably high.  Lee has five years of ERISA experience.  (Doe Br. at 10.)  Courts in this district previously have awarded Lee $225 per hour in 2013, see Levitian v. Sun Life & Health Ins. Co. (U.S.), 2013 WL 3829623 at *9, and $300 per hour in 2014, see Demonchaux v.

Unitedhealthcare Oxford, 2014 WL 1273772 at *7.   Moreover, other attorneys at Riemer &
Associates with levels of experience comparable to the five years that Lee now has have been
awarded rates of $340.  See Levitian v. Sun Life & Health Ins. Co. (U.S.), 2013 WL 3829623 at *8-
9.  The court finds that an hourly rate of $355 for Lee is reasonable.  This represents a reduction in
the rate requested for Lee (of approximately eleven percent) that is proportional to the reduction in
Riemer's requested hourly rate and is comparable to, though slightly greater than, the rates similarly-
experienced attorneys at Riemer & Associates have been awarded in recent years.

      Similarly, the $240 hourly rate sought for the senior paralegals is too high.  Rates for
paralegal work in this Circuit typically are substantially lower.  See, e.g., Local Union No. 40 of the
Int'l Assoc. of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr. Inc., 88 F. Supp.
3d 250, 282 (S.D.N.Y. 2015) (approving $140 hourly rate for paralegals); Triumph Constr. Corp.
v. N.Y.C. Council of Carpenters Pension Fund, 12 Civ. 8297, 2014 WL 6879851 at *4-5 (S.D.N.Y.
Dec. 8, 2014) (approving hourly rates of $90 and $100 for legal assistants); Levitian v. Sun Life &
Health Ins. Co. (U.S.), 2013 WL 3829623 at *9 ($180 hourly rate reasonable for senior paralegals
at Riemer & Associates).   Nonetheless, Riemer & Associates has previously obtained rates as high
as $200 per hour for paralegal work.  See Demonchaux v. Unitedhealthcare Oxford, 2014 WL
1273772 at *7-8.  Unum does not challenge any of the requested paralegal rates.  (See Unum Opp.
Br. at 15-17.)  Therefore, the Court finds an hourly rate of $200 for the paralegal work to be
reasonable.[5/]

---

[5/]     Based on these reduced hourly rates and before any other reductions, Doe has accrued
attorneys' fees as follows:

      (continued...)

B.       **Time Reasonably Expended**

1.       **Legal Principles**

In determining whether the amount of hours billed is reasonable, "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983)).[6/]  "In so doing, 'the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" Bliven v. Hunt, 579 F.3d at

---

[5/]       (...continued)

| Attorney/ Paralegal | Approved Hourly Rate | Hours Expended | Total Before Reductions |
|---|---|---|---|
| Riemer | $600 | 137.4 | $82,440 |
| Kampfer | $450 | 11.75 | $5,287.50 |
| Lee | $355 | 566.5 | $201,107.50 |
| Zenin | $400 | 21.2 | $8,480.00 |
| Raux | $200 | 2.15 | $430 |
| Gonzalez | $200 | 1.6 | $320 |
| Rodriguez | $200 | 41.4 | $8,280 |
| Lobosco | $200 | 24.57 | $4,914 |
| **TOTAL:** | | | **$311,259.00** |

[6/]       Accord, e.g., Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Solutions, No. 09 CV 121, 2015 WL 3444896 at *12 (E.D.N.Y. May 28, 2015); Abdell v. City of N.Y., 05 Civ. 8453, 2015 WL 898974 at *2 (S.D.N.Y. Mar. 2, 2015); Deng v. 278 Gramercy Park Grp. LLC, 12 Civ. 7803, 2014 WL 1016853 at *12 (S.D.N.Y. Mar. 14, 2014), R. & R. adopted, 2014 WL 4996255 (S.D.N.Y. Oct. 7, 2014).

213.[7/]  "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Cesario v. BNI Constr., Inc., 07 Civ. 8545, 2008 WL 5210209 at *7 (S.D.N.Y. Dec. 15, 2008) (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992), cert. denied, 506 U.S. 1053, 113 S. Ct. 978 (1993)), R. & R. adopted, 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009); see, e.g., Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 111 (2d Cir. 2012) ("In assessing the reasonableness of attorney's fees, a court looks to the amount of time spent as reflected in contemporaneous time records, and then decides how much of that time was 'reasonably expended.'  If the district court finds that some of the time was not reasonably necessary to the outcome of the litigation, it should reduce the time for which compensation is awarded accordingly." (citation omitted)).[8/]

Plaintiffs cannot recover for time spent by attorneys completing administrative tasks. See, e.g., Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Solutions, 2015 WL 344896 at *13; DeMarco v. Ben Krupinksi Gen. Contractor, Inc., No. 12-CV-0573, 2014 WL 3696020 at *9 (E.D.N.Y. July 22, 2014); Lane Crawford LLC v. Kelex Trading (CA) Inc., 12 Civ. 9190, 2013 WL 6481354 at *8 (S.D.N.Y. Dec. 3, 2013) (Peck, M.J.), R. & R. adopted, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014); E.S. v. Katonah-Lewisboro Sch. Dist., 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011) ("A court may make [across-the-board percentage] reductions when attorneys engage in less skilled work, like filing and other administrative tasks [such as] . . . faxing and mailing documents, making copies, filing, scanning, preparing documents for electronic filing,

---

[7/]     Accord, e.g., Dominguez v. B S Supermarket, Inc., No. 13-CV-7247, 2015 WL 1439880 at *16 (E.D.N.Y. Mar. 27, 2015); Abdell v. City of N.Y., 2015 WL 898974 at *2.

[8/]     See also, e.g., Dominguez v. B S Supermarket, Inc., 2015 WL 1439880 at *16; Deng v. 278 Gramercy Park Grp. LLC, 2014 WL 1016853 at *12.

14

electronic file management, binding documents, and Bates stamping."), aff'd, 487 F. App'x 619 (2d

Cir. 2012).[9/]

    Second, case law also makes clear that the Court may reduce the fees requested for

billing entries that are vague and do not sufficiently demonstrate what counsel did.  See, e.g., Sheet

Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Solutions, 2015 WL 344896 at *12; Lane

Crawford LLC v. Kelex Trading (CA) Inc., 2013 WL 6481354 at *8; Lucerne Textiles, Inc. v.

H.C.T. Textiles Co., 2013 WL 174226 at *8, *10 & n.19; VFS Fin., Inc. v. Pioneer Aviation, LLC,

08 Civ. 7655, 2009 WL 2447751 at *5 (S.D.N.Y. Aug. 11, 2009) (Peck, M.J.) ("Having reviewed

[plaintiff's] attorneys' time sheets, the Court believes that a number of [plaintiff's] attorneys' billing

entries are overly vague or duplicative, and that a percentage fee reduction therefore is

appropriate."); J.S. Nicol, Inc. v. Peking Handicraft, Inc., 03 Civ. 1548, 2008 WL 4613752 at *4

(S.D.N.Y. Oct. 17, 2008) (Peck, M.J.) ("A time entry is vague if it lacks sufficient specificity for the

Court to assess the reasonableness of the amount charged in relation to the work performed.  Where

billing records are vague, a [percentage] reduction in fees is . . . appropriate." (citations, quotations

---

[9/]  See also, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co., 12 Civ. 5456, 2013 WL 174226
at *7 (S.D.N.Y. Jan. 17, 2013) (Peck, M.J.), R. & R. adopted, 2013 WL 1234911 (S.D.N.Y.
Mar. 26, 2013); Short v. Manhattan Apartments, Inc., 286 F.R.D. 248, 255 (S.D.N.Y. 2012);
Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 636 (S.D.N.Y. 2012) (Peck, M.J.); All-
Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 629 (S.D.N.Y. 2011)
(Berman, D.J. & Peck, M.J.) (reducing fees where entries "reflect work done at an attorney
rate that could and should have been done by a paralegal or secretary"); Nat'l Audubon
Soc'y, Inc. v. Sonopia Corp., 09 Civ. 0975, 2010 WL 3911261 at *5 (S.D.N.Y. Sept. 1, 2010)
("[A]dditional set-offs are necessary to account for the time spent on such less-skilled work
[such as] . . . completion of the civil cover sheet, review of ECF procedures, and meeting
with court clerks to discuss order to show cause and default judgment procedures."), R. &
R. adopted, 2010 WL 5373900 (S.D.N.Y. Dec. 22, 2010); Tucker v. City of N.Y., 704 F.
Supp. 2d 347, 356 (S.D.N.Y. 2010).

& fn. omitted)).[10/]

        Third, a reduction is warranted where the hours billed are disproportionate to the quantity or quality of the attorneys' work.  See, e.g., Lane Crawford LLC v. Kelex Trading (CA) Inc., 2013 WL 6481354 at *9; Lucerne Textiles, Inc. v. H.C.T. Textiles Co., 2013 WL 174226 at *8, *10; Harris v. Fairweather, 11 Civ. 2152, 2012 WL 3956801 at *8 (S.D.N.Y. Sept. 10, 2012) (Peck, M.J.) ("In determining the reasonableness of the requested attorneys' fees, the Court considers the quality of the work done by the attorneys. . . .  In light of the mediocre attorney performance, the vague billing entries and excessive time spent on certain tasks, the Court should reduce the total attorneys' fees . . . ." (citing cases)), R. & R. adopted, 2012 WL 5199250 (S.D.N.Y. Oct. 19, 2012); Rolex Watch, U.S.A., Inc. v. Pharel, No. 09 CV 4810, 2011 WL 1131401 at *7 (E.D.N.Y. Mar. 11, 2011) (reduction warranted where brief "did not contain particularly complicated analyses" and omitted certain arguments entirely), R. & R. adopted, 2011 WL 1130457 (E.D.N.Y. Mar. 28, 2011); Gesualdi v. Cirillo, No. 09-CV-4570, 2011 WL 666196 at *5 (E.D.N.Y. Jan. 3, 2011) (reduction warranted where "the 26.1 total hours billed on this matter do not reflect the quality of work

---

[10/]     See also, e.g., Prince of Peace Enter., Inc. v. Top Quality Food Mkt. LLC, 07 Civ. 349, 2014 WL 793084 at *7 (S.D.N.Y. Feb. 28, 2014), R. & R. adopted in relevant part, 2015 WL 456645 (S.D.N.Y. Feb. 3, 2015); Short v. Manhattan Apartments, Inc., 286 F.R.D. at 255 ("A court may reduce requested fees if the attorneys' documentation of their hours is vague . . . ."); Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d at 636; Carrasco v. W. Vill. Ritz Corp., 11 Civ. 7843, 2012 WL 2814112 at *7 (S.D.N.Y. July 11, 2012) (Peck, M.J.) (reducing attorney's hours where "some of the billing entries are vague and the time spent excessive"), R. & R. adopted, 2012 WL 3822238 (S.D.N.Y. Sept. 4, 2012); Gordon v. Site 16/17 Dev., LLC, 11 Civ. 0427, 2011 WL 3251520 at *5 (S.D.N.Y. July 28, 2011) (Peck, M.J.) ("When time records reflect vague and duplicative entries, and entries for attorneys performing ministerial tasks, the Court may order a reduction in attorneys' fees." (citing cases)).

submitted to the Court"), R. & R. adopted, 2011 WL 666197 (E.D.N.Y. Feb. 14, 2011).[11]

### 2.    **Application**

Doe initially sought $313,000 in attorneys' fees (following a voluntary ten percent reduction from $347,893.50) (Dkt. No. 96: Riemer Aff. ¶¶ 32-33), and further reduced his request by $6,660 in response to Unum's Opposition Brief (Dkt. No. 100: Doe Reply Br. at 1; see Dkt. No. 99: Unum Opp. Br. at 7.)  Incorporating the revised hourly rates set forth above yields a total of $274,227.60 in fees.[12]   The Court must therefore determine whether this amount reasonably compensates Doe's counsel, or whether the billings include any "'excessive, redundant, or otherwise unnecessary'" hours.  Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983)).  Unum challenges the time Doe's

---

[11]    See also, e.g., Dominguez v. B S Supermarket, Inc., 2015 WL 1439880 at *17 (10% reduction warranted where "the 80.4 hours spent by plaintiff's counsel on this case exceeds the amount of time that reasonably should have been spent"); Deng v. 278 Gramercy Park Grp. LLC, 2014 WL 1016853 at *20-21 (reduction warranted for, inter alia, disproportionate time spent on one plaintiff's claims although they were the same as the other plaintiff's claims, overstaffing, duplicative work, and failure to submit any documentation to support fees for time spent preparing "a memorandum that is remarkably devoid of law"); Truong v. N.Y. Hotel & Motel Trades Council, AFL-CIO, 07 Civ. 11383, 2011 WL 147689 at *3 (S.D.N.Y. Jan. 12, 2011) ("The Court is unclear as to why this document, presumptively a standard form order, took up 8.75 hours of an associate['s] time.  Thus the Court reduces [counsel's] billables . . . ."); OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc., 09 Civ. 8665, 2010 WL 5538552 at *5 (S.D.N.Y. Dec. 6, 2010) (reduction warranted where "attorneys spent a total of 7.6 hours on the drafting of a cease-and-desist letter and related activities" and excessive time was spent drafting a "nearly identical" document that "appears to be boilerplate"), R. & R. adopted, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011); Microsoft Corp. v. Computer Care Ctr., Inc., No. 06-CV-1429, 2008 WL 4179653 at *16 (E.D.N.Y. Sept. 10, 2008) (reducing fees where attorney "spent an excessive amount of time [1.9 hours, or $950] composing a two-page letter to the Court requesting an extension of the discovery deadline").

[12]    This figure incorporates Doe's voluntary ten percent reduction as well as the fees eliminated following Unum's Opposition Brief.  (See fees chart on page 20 below.)

counsel spent on certain aspects of the case (Dkt. No. 99: Unum Opp. Br. at 3-7), which the Court will address.

### i.      The Protective Order

In May 2013, Doe moved for a protective order to preclude Unum's discovery demands.  (Dkt. No. 23: Doe Mot. for Protective Order.)  Excluding the case caption and signature pages, the parties' briefing consisted of Doe's four-page Memorandum of Law, Unum's four-page Opposition, and Doe's four-page Reply.  (Dkt. Nos. 24, 25, 27.)  Such minimal briefing reflects, in the Court's view, the straightforward nature of the motion.  Indeed, Judge Kaplan denied the motion the day after it was fully briefed.  (Dkt. No. 28: 5/25/2013 Order.)  Ms. Lee billed 47.35 hours preparing the motion and related filings.[13/]  (Dkt. No. 96-3: Riemer Aff. Ex. C: Hourly Billings at 14-15; see Dkt. No. 99: Unum Opp. Br. at 4.)  Mr. Riemer billed an additional 4.8 hours[14/] on the same project, for a total of $19,689.25 in fees (using the reduced rates detailed above) related to the protective order alone.  (Hourly Billings at 2-3; see Unum Opp. Br. at 4.)  The Court finds that Ms. Lee's billing entries in connection with the May 2013 protective order are excessive and warrant complete elimination from the final award of attorneys' fees.  See Underdog Trucking, L.L.C. v. Verizon Servs. Corp., 276 F.R.D. 105, 111 (S.D.N.Y. 2011) ("Courts have reduced the number of hours expended on . . . motions that do not require complex legal analysis.").  Fees therefore should

---

[13/]     Some of Ms. Lee's billing entries during the time period when the protective order was filed were vague in description.  (Dkt. No. 96-3: Riemer Aff. Ex. C: Hourly Billings at 14-15.)  The Court therefore cannot say with certainty whether some of the entries in fact relate to Ms. Lee's work on the protective order.  Doe does not, however, dispute Unum's calculation of Ms. Lee's time in this regard, and the Court thus accepts Unum's calculation for purposes of this Order.

[14/]     While the Court arrived at a slightly different calculation of Mr. Riemer's hours, this discrepancy does not alter the Court's analysis.

only be awarded for Mr. Riemer's time, which the Court finds is reasonable.  This reduces the fee by $16,809.25 (47.35 hours times $355 per hour).

### ii.     Trial Briefing

Unum argues that Doe's counsel spent an unreasonable amount of time on the trial briefs.  (Dkt. No. 99: Unum Opp. Br. at 5.)  Specifically, Mr. Riemer and Ms. Lee collectively billed 228.35 hours ($95,029.25 in fees) drafting the briefs, which the Court finds excessive.  (Dkt. No. 96: Riemer Aff. ¶ 32.)  A review of the briefs indicates that the parties' dispute focused on evidence in the administrative record rather than complex legal issues.  (See Dkt. Nos. 80, 83, 84).  Mr. Riemer's extensive ERISA litigation experience should have resulted in a more efficient drafting effort.  When confronted with needless or excessive hours, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'"  Trs. of Empire State Carpenters Annuity v. Fourmen Constr., Inc., 15 CV 3252, 2016 WL 146245 at *5 (E.D.N.Y. Jan. 13, 2016) (quoting Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)).  The Court accordingly should award only $71,271.94 in attorneys' fees for counsel's work on the trial briefs, which represents a twenty-five percent reduction in the fees requested.

### iii.     Trial Exhibits

Unum also objects to the 120.4 hours ($35,689.25 in fees) billed by four attorneys and two paralegals to prepare the trial exhibits.  (Dkt. No. 99: Unum Opp. at 6.)  "Courts generally hold that 'clerical and secretarial services are part of overhead and are not generally charged to clients,' though preparation of trial exhibits is more akin to work properly performed by paralegals, and is reimbursable as such."  G.B. v. Tuxedo Union Free Sch. Dist., 894 F. Supp. 2d 415, 439

(S.D.N.Y. 2012); see also, e.g., Underdog Trucking, L.L.C. v. Verizon Servs. Corp., 276 F.R.D. 105,

111 (S.D.N.Y. 2011) ("Moreover, the task of assembling exhibits is clerical in nature and should

have been completed by administrative staff . . . ."); Dotson v. City of Syracuse, No. 04 CV 1388,

2011 WL 817499 at *26 (N.D.N.Y. Mar. 2, 2011) ("[P]aralegal tasks such as the selection and

redaction of trial exhibits and preparation of trial exhibits and witness binders are compensable."),

aff'd, 549 F. App'x 6 (2d Cir. 2013). A distinction can be made between compensable attorney time

involving, for example, the selection of trial exhibits, and compensable paralegal time involving the

"collating and labeling trial exhibits and preparing witness binders." Rozell v. Ross-Holst, 576 F.

Supp. 2d 527, 540 (S.D.N.Y. 2008).

       Doe argues that "[t]he preparation of Trial Exhibits required the assistance of two

additional associates at the firm due to the volume of documents and the time sensitive deadline."

(Dkt. No. 95: Doe Br. at 12 n.11, emphasis in original.) "Preparation of the exhibits," Doe further

argues, "was not just redaction, but included reviewing and organizing the documents, preparing

exhibit binders, and copying." (Dkt. No. 100: Doe Reply at 7.) Some of these tasks are

administrative in nature, and some are not. Due to vague billing entries, however, the Court cannot

readily determine how the various aspects of trial exhibit preparation were divided among counsel

and staff. To account for this lack of clarity (and the excessive amount of hours involved regardless

of the division of labor), the Court should award only $21,413.55 in fees for the trial exhibit

preparation, which represents a forty percent reduction in the fees requested.[15/]

---

[15/]    The Court acknowledges that Doe did make a voluntary reduction in this category (Dkt. No.
96: Riemer Aff. ¶ 33), but nonetheless finds that the additional reduction is warranted.

#### iv.       The Total Attorneys' Fees Award

Doe has accrued $311,259 in attorneys' fees.  (See page 11 n. 5 above.)  Consistent

with this Order, however, the total amount is reduced in the following categories:

| Reductions Applied | Amount of Reduction | Reduced Fee Amount (from $311,259) |
|---|---|---|
| Doe's voluntary 10% fee reduction | $31,125.90 ($311,259 x .10) | $280,133.10 |
| Doe's voluntary hourly reduction | $5,905.50 (14.1 hrs x $355) + (1.5 hrs x $600) | $274,227.60 |
| Judicial Reduction: Protective Order billable hours | $16,809.25 (47.35 hrs x $355) | $257,418.35 |
| Judicial Reduction: Trial Brief billable hours | $23,757.31 ($95,029.25 x .25) | $233,661.04 |
| Judicial Reduction: Trial Exhibit billable hours | $14,275.70 ($35,689.25 x .4) | $219,385.34 |
|  |  | TOTAL AWARD:       $219,385.34 |

The Court should thus award Doe $219,385.34 in attorneys' fees.

## III.   COSTS

Doe also seeks $1,287.75 in costs, an amount he argues "represents some, but not all,

of the out-of-pocket expenses expended on the case." (Dkt. No. 95: Doe Br. at 13.)  Doe submitted

an itemized list of the costs for which he seeks reimbursement.  (Dkt. No. 96: Riemer Aff. Ex. F:

Itemized Costs.)   The costs include this Court's $350 filing fee, Federal Express expenses,

messenger fees, an oral argument transcript, and the cost of copying trial exhibits.  (Id.)  Unum

disputes neither Doe's entitlement to costs nor any of the specific costs claimed.  (See generally Dkt.

No. 99: Unum Opp. Br.)  Nonetheless, the Court has an independent duty to ensure that any costs

awarded are reasonable, and Doe has offered no explanation why it was necessary to spend a total

of $341.63 on FedEx and messengers in the course of this lawsuit.  (See Itemized Costs.)  Doe

should not be reimbursed for those expenses.

Therefore, Doe should be awarded only $946.12 in costs.

## IV.   **PREJUDGMENT INTEREST**

Doe "requests that this Court order UNUM to pay prejudgment interest at . . . New York's statutory interest rate of 9% retroactive to October 24, 2011 when benefits should have been paid because the Plan is silent on the interest rate" and "there is no set interest rate dictated by ERISA." (Dkt. No. 95: Doe Br. at 14.)  Unum argues that the Court should instead "use the federal rate for prejudgment interest" because Doe's "action alleged only a federal claim."  (Dkt. No. 99: Unum Opp. Br. at 20.)  According to Unum, "when a judgment is based on both federal and state law, the state rate cannot be used" because the Second Circuit has held that "'judgments that are based on both state and federal law with respect to which no distinction is drawn shall have applicable interest calculated at the federal interest rate'" (id., quoting Thomas v. iStar Fin., Inc., 629 F.3d 276, 280 (2d Cir. 2010)), and if "the federal rate must be used on mixed federal-state judgments, the federal rate certainly must be used on purely federal judgments" (Unum Opp. Br. at 20, citing Tretola v. Cnty. of Nassau, No. 08 CV 3225, 2014 WL 2866095 at *3 (E.D.N.Y. June 24, 2014)).

The Second Circuit previously has held that in the ERISA context, the "suitability of that [federal] postjudgment rate for an award of prejudgment interest will depend on the circumstances of the individual case, and the court need not limit the award of prejudgment interest to the rate at which the injured party would have lent money to the government."  Jones v. Unum Life Ins. Co., 223 F.3d 130, 139 (2d Cir. 2000).  Thomas, which was not an ERISA case, did not overrule Jones.  See Thomas v. iStar Fin., Inc., 629 F.3d at 278-80.  Unum argues that, nonetheless, Thomas "should control over Jones, even in ERISA cases" because "Thomas post-dates Jones by

ten years, it established a clear rule for prejudgment interest rates on federal claims, and it made no exceptions." (Unum Opp. Br. at 21.)  Unum's argument is not supported by case law in that courts in this Circuit routinely award New York's nine percent statutory rate in ERISA cases even following Thomas.  See, e.g., Severstal Wheeling, Inc. Ret. Comm. v. WPN Corp., 10 Civ. 954, --- F.3d ----, 2015 WL 4726860 at *29 (S.D.N.Y. Aug. 10, 2015); Barbu v. Life Ins. Co. of N. Am., No. 12 CV 1629, 2015 WL 778325 at *6-7 (E.D.N.Y. Feb. 24, 2015); Rood v. N.Y.S. Teamsters Conference Pension & Ret. Fund, 39 F. Supp. 3d 241, 254 (S.D.N.Y. 2014); Levitian v. Sun Life & Health Ins. Co. (U.S.), 09 Civ. 2965, 2013 WL 3829623 at *11-12 (S.D.N.Y. July 24, 2013), R. & R. adopted, 2013 WL 4399026 (S.D.N.Y. Aug. 15, 2013); Bricklayers Ins. & Welfare Fund v. Champion Constr. Corp., No. 12 CV 4536, 2013 WL 4547513 at *5 (E.D.N.Y. June 13, 2013), R. & R. adopted in relevant part, 2013 WL 4547499 (E.D.N.Y. Aug. 28, 2013).

Unum also argues that Doe's request for prejudgment interest retroactive to October 24, 2011 is "inappropriate, because the entire amount of the judgment would not have been payable on that date," but rather only "the first of twenty-four equal monthly installments would have been payable." (Unum Opp. Br. at 22.)  Unum therefore maintains that if "the Court awards prejudgment interest, it should be calculated on each payment as it became due."  (Id.)

Unum is correct that the prejudgment interest calculation should reflect that Doe's payments were to be made in installments, and not in a lump sum on October 24, 2011.  In ERISA cases, courts in this circuit "routinely calculate prejudgment interest from a midpoint date in the delinquency period."  Alston v. Northstar La Guardia LLC, 10 Civ. 3611, 2010 WL 3432307 at *3 (S.D.N.Y. Sept. 2, 2010), R. & R. adopted, (S.D.N.Y. Sep. 27, 2010); see also Trs. of Local 7 Tile Indus. Welfare Fund v. Caesar Max Tile Corp., No. 13 CV 924, 2014 WL 991723 at *9 (E.D.N.Y.

Mar. 13, 2014); Taaffe v. Life Ins. Co. of N. Am., 769 F. Supp. 2d 530, 538-39 (S.D.N.Y. 2011);

Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers Local Union No. 12A v. Trade Winds

Envtl., 09 Civ. 1771, 2010 WL 8020302 at *4 (S.D.N.Y. Dec. 23, 2010), R. & R. adopted as

modified, 2011 WL 5843757 (S.D.N.Y. Nov. 18, 2011); Trs. of Plumbers Local Union No. 1

Welfare Fund v. Manhattan Plumbing Corp., No. 08 CV 3036, 2009 WL 5821676 at *5 & n.4

(E.D.N.Y. Oct. 8, 2009), R. & R. adopted as modified, 2010 WL 456870 (E.D.N.Y. Feb. 3, 2010);

N.Y.S. Food Merchants Ass'n, Inc. v. Haylor, Freyer & Coon, Inc., 91 Civ. 5190, 1995 WL 51166

at *2 (S.D.N.Y. Feb. 8, 1995). Prejudgment interest in this matter therefore should be calculated

from the midpoint in the delinquency period through the date of judgment.

Doe was to receive his first payment on October 24, 2011, and Judge Kaplan entered

judgment in the amount of $780,756 on October 5, 2015. (Dkt. No. 93: 10/5/15 Judgment .) Thus,

1,442 days elapsed during that time. At a rate of nine percent simple interest per year on the

$780,756 judgment, using a midpoint of 721 days after October 24, 2011, Unum should pay Doe

$138,803.31 in prejudgment interest.[16/]

## CONCLUSION

For the reasons set forth above the Court recommends that plaintiff's motion (Dkt.

No. 94) be GRANTED in part and plaintiff Doe awarded attorneys' fees, costs and prejudgment

interest totaling $359,134.77 (that is, $219,385.34 in attorneys' fees, $946.12 in costs and

$138,803.31 in prejudgment interest).

---

[16/]    Nine percent of $780,756 equals $70,268.04 which, when divided by 365, results in an interest rate of approximately $192.515 per day.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 2240, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Kaplan (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:      New York, New York
            January 28, 2016

                              Respectfully submitted,

                              _____
                              **Andrew J. Peck**
                              United States Magistrate Judge

Copies **ECF**:  All Counsel
               Judge Lewis A. Kaplan