UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN DOE,

                    Plaintiff,

        -against-                                    12 Civ. 9327 (LAK)

UNUM LIFE INSURANCE COMPANY OF AMERICA,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge*.

        In a careful and thorough report and recommendation, Magistrate Judge Andrew J. Peck granted plaintiff's motion for attorneys' fees, costs, and prejudgment interest to the extent of awarding $219,385.34 in attorneys' fees, $946.12 in costs and $138,803.31 in prejudgment interest for an aggregate award of $359,134.77. As this was less than plaintiff sought, he objected, raising a number of disagreements with Judge Peck's rationale. This order disposes of those objections.

        1.     As an initial matter, the Court agrees with plaintiff that the scope of review is *de novo*. *See* Fed. R. Civ. P. 72(b)(3). It is mindful also that it "may accept, reject, or modify the recommended disposition." Accordingly, it has reviewed the magistrate judge's determination in all respects and, except to the extent hereinafter stated, adopts his disposition.

        2.     Judge Peck concluded that prejudgment interest was appropriate and that (a) it should be calculated from a midpoint date in the delinquency period, (b) the delinquency period began on October 24, 2011 and concluded on the date of judgment, October 5, 2015, (c) he would apply the statutory New York State interest rate of 9 percent per annum, and (d) the total interest award therefore should be $138,803.31.

        2.1.     Plaintiff contends that this was error in that, while plaintiff was entitled to payments in installments commencing on October 24, 2011, the last installment was due 24 months later. Accordingly, they argue that interest for the period October 24, 2011 through October 25, 2013 may be computed from the midpoint of that period, but that interest from October 25, 2013 thorough October 5, 2015 should be payable on the entire amount that was delinquent by October 25, 2013.

        2.2.     This Court agrees with plaintiff on this point. Interest should have been computed on the basis of 1,076 days times the appropriate interest rate.

2.3.    Bearing in mind this Court's duty to review the matter *de novo* and its power to accept, reject or modify the recommended disposition, it modifies the recommended disposition by reducing the interest rate. New York's statutory rate of 9 percent was adopted in 1981 when the Legislature raised the state rate from 6 percent. At that time, the prime rate was in the neighborhood of 20 percent, and the rate on one year Treasury bills was in the vicinity of 14 percent or more. Today and in recent years, however, the prime and one year T-bill rates have been under 4 percent and 1 percent, respectively. Inasmuch as no statute compels use of the decades-old statutory New York State law rate of interest, which is so much higher than the cost of borrowing in recent times, this Court declines to use it here. Rather, it applies something more closely resembling current and recent borrowing costs, i.e., 4 percent. The daily rate of interest on the principal amount of $780,756 therefore will be $85.56. The interest award therefore will be $92,062.56.

3.    Plaintiff objects also to the hourly rates adopted by Judge Peck, contending that they are inconsistent with *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 192 (2d Cir. 2007). With respect, the objection gives short shrift to Judge Peck's rationale, which this Court on *de novo* review adopts as its own.

There is no question that plaintiff's counsel is entitled to "a reasonable fee." But a reasonable fee is not necessarily the same fee that a particular lawyer would consider reasonable for his or her services. Rather, as Judge Peck stated in an important passage ignored by plaintiff:

> Courts in this district, however, often award hourly rates significantly lower than $680 in ERISA cases, even for partners with comparable levels of experience to Riemer. *See, e.g.*, *Sheet Metal Workers' Nat'l Pension Fund v. Maximum Metal Mfrs., Inc.*, 13 Civ. 7741, 2015 WL 4935116 at *10 (S.D.N.Y. Aug. 18, 2015) (approving $300 hourly rate for partner with forty-two years' experience); *Wallace v. Grp. Long Term Disability Plan for Emps. of TDAmertrade Holding Corp.*, 13 Civ. 6759, 2015 WL 4750763 at *6 (S.D.N.Y. Aug. 11, 2015) (approving $450 hourly rate for partner with thirty-four years' experience); *Rhodes v. Davis*, 08 Civ. 9681, 2015 WL 1413413 at *3 & n.6 (S.D.N.Y. Mar. 23, 2015) (awarding $450 hourly rate to partner with forty years' experience), *aff'd*, No. 12-4347, --- F. App'x. ---, 2015 WL 8476732 (2d Cir. 2015).
>
> Nonetheless, courts in this district have awarded Riemer $600 per hour in recent years. *See Demonchaux v. Unitedhealthcare Oxford*, 10 Civ. 4491, 2014 WL 1273772 at *7 (S.D.N.Y. Mar. 27, 2014) (granting Riemer's request for fees at his 2013 hourly rate of $600, which was not challenged by defendant); *Levitian v. Sun Life & Health Ins. Co. (U.S.)*, 09 Civ. 2965, 2013 WL 3829623 at *8 (S.D.N.Y. July 24, 2013) (approving Riemer's 2012 hourly rate of $600), *R.& R. adopted*, 2013 WL 4399026 (S.D.N.Y. Aug. 15, 2013). Moreover, when Doe initially retained Riemer & Associates in 2010 to assist with his initial (pre-litigation) long-term disability application, Doe agreed to actually pay $600 an hour. (Dkt. No. 101: Riemer Reply Aff. Ex. A:

Retainer Agm't.) The Court finds that a $600 hourly rate is appropriate for Riemer.

The Court also finds that the $400 hourly rate Riemer seeks for Lee (see page 7 above) is unreasonably high. Lee has five years of ERISA experience. (Doe Br. at 10.) Courts in this district previously have awarded Lee $225 per hour in 2013, see *Levitian v. Sun Life & Health Ins. Co. (U.S.)*, 2013 WL 3829623 at *9, and $300 per hour in 2014, see *Demonchaux v. Unitedhealthcare Oxford*, 2014 WL 1273772 at *7. Moreover, other attorneys at Riemer & Associates with levels of experience comparable to the five years that Lee now has have been awarded rates of $340. *See Levitian v. Sun Life & Health Ins. Co. (U.S.)*, 2013 WL 3829623 at *8-9. The court finds that an hourly rate of $355 for Lee is reasonable. This represents a reduction in the rate requested for Lee (of approximately eleven percent) that is proportional to the reduction in Riemer's requested hourly rate and is comparable to, though slightly greater than, the rates similarly experienced attorneys at Riemer & Associates have been awarded in recent years.

Similarly, the $240 hourly rate sought for the senior paralegals is too high. Rates for paralegal work in this Circuit typically are substantially lower.

In all the circumstances, this Court finds that the hourly rates employed by the Magistrate Judge are reasonable and, moreover, that plaintiff did not sustain his burden of proving that the higher rates he seeks also would meet that standard.

\* \* \*

Accordingly, plaintiff's motion for attorneys' fees, costs and prejudgment interest [DI 94] is granted to the extent that plaintiff is granted attorneys' fees in the amount of $219,385.34 in attorneys' fees, $946.12 in costs and $92,062.56 in prejudgment interest for an aggregate award of $312,394.02. The Clerk shall enter judgment accordingly and close the case.

The Court has considered plaintiff's other arguments *de novo* and has concluded that they are unpersuasive.

SO ORDERED.

Dated:     February 23, 2016

_____
Lewis A. Kaplan
United States District Judge